## Specht v. Estate of Mabel G. Hartman

*H. William Koch,* for plaintiff.
*Robert W. Buehner, Jr.,* for defendant.
*Charles H. Saylor,* for interested parties.

MYERS, *P.J.,* June 8, 1981 — John D. Hartman and Mabel G. Hartman, his wife, were found dead in the bedroom of their home October 5, 1977. At the time they were aged 80 and 79 years, respectively. John Hartman was lying on top of the bed, and his wife was lying under the bed in a pool of blood.

Both bodies had already begun to decompose when they were discovered. Following an autopsy, the coroner, Dr. Robert Hunter, reached the conclusion that Mabel Hartman had predeceased her husband. In his final autopsy report, Dr. Hunter stated: "From the degree of putrefaction of the body, it is felt that John Hartman's death followed that of his wife Mabel."

The autopsy records, and Dr. Hunter's findings, were then reviewed by Dr. Isidore Mihalakis, a forensic pathologist. Dr. Mihalakis concluded that the time of death could not be ascertained with any reasonable degree of certainty, because of the advanced state of decomposition in both bodies.

Plaintiff, who is the executrix of John Hartman's last will, then instituted the present declaratory judgment action. In this action, plaintiff requests the court to determine whether there is sufficient evidence that John Hartman and Mabel Hartman "have died otherwise than simultaneously." This issue is now before the court for disposition.

When property is held by a husband and wife as tenants by the entireties, the disposition of their estates is governed, in part, by the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §8503. Under section 8503, if there is "sufficient evidence" that either John Hartman or Mabel Hartman survived the other, then the property, assets, and other belongings of both persons become the estate of the person who is deemed to have survived. However, if there is not "sufficient evidence" that John Hartman and Mabel Hartman died other than simultaneously, their joint property is distributed equally between their respective estates.

Accordingly, it becomes the court's difficult duty to reconcile the differences of opinion between the two qualified and respected doctors.

After thorough review, we find Dr. Mihalakis's

testimony to be more persuasive than that of Dr. Hunter. We conclude, accordingly, that there is insufficient evidence to warrant the conclusion that either John or Mabel predeceased the other.

The training and experience of Dr. Mihalakis in this particular area of medical science appears to be more extensive than that of Dr. Hunter. Although Dr. Hunter had the advantage of physically performing the autopsies in question, we find Dr. Mihalakis's conclusions to be more logical and persuasive in this case.

Dr. Mihalakis stated, with certainty, that it was medically impossible to determine, with any degree of precision, which person had predeceased the other. According to Dr. Mihalakis, the relative degree of putrefaction of the two bodies is an unreliable indicator of the relative times of death, particularly when the bodies may have been decomposing for a week or more. Dr. Mihalakis indicated that many factors, other than just the passage of time, can affect the decomposition rate of various bodies.

For example, the size of the maggots on the bodies is often useful evidence of the relative times of death. However, Dr. Hunter did not measure the maggots' size in this case.

After thoroughly reviewing the testmony of the two pathologists, we conclude that there is insufficient evidence to establish which person died first. Under such circumstances, the two persons are deemed to have died simultaneously.

## ORDER

And now, June 8, 1981, we find that there is insufficent evidence that John D. Hartman and Mabel G. Hartman died other than simultaneously.

Accordingly, their entireties assets shall be divided equally between the two estates.